## VILLAGE OF WEST DERBY *vs.* NEWPORT CEMETERY ASSOCIATION.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Appeal in Chancery.*

By force of V. S. 915, the court of chancery is always open, at least until the enrollment of the decree, for the purpose of filing a motion for an appeal.

BILL IN CHANCERY. Heard on a master's report at the September Term, 1896, Orleans County, before *Ross*, Chancellor, who decreed for the orators. The defendant moved for an appeal and the same was allowed. The orators moved to dismiss the appeal for want of jurisdiction.

The circumstances appear in the opinion.

*E. A. Cook* and *J. W. Redmond* for the orators.

This court has no jurisdiction. No appeal was taken in the manner provided by the statute. This appeal was not taken at the term. V. S. 981; *Gove* v. *Dyke*, 14 Vt. 561. The terms ends with the adjournment of the county court. The chancellor is not the court of chancery. *Sturgies* v. *Knapp*, 38 Vt. 540.

The defendant's contention is that the term continues until another term of the county court begins. But if this were so the appeal might be filed as well after the enrollment of the decree as before. The contention proves too much. The clerk is required to record the decree "after twenty days from the time a final decree is made, if no appeal is entered therefrom." V. S. 975.

*John Young* for the defendant.

The appeal is properly before this court. The statutory provisions are to be found in V. S. 914, 915, 941, 975, 981, 982.

The court of chancery is always open for all purposes except the rendering of a final decree. The practical construction put upon the statute has been that an appeal might be taken at any time before the decree could be enrolled, i. e., within twenty days from the filing of the decretal order. *Morrill* v. *Kittredge*, 19 Vt. 529; *Brown* v. *Mead*, 16 Vt. 148.

TAFT, J. This cause was heard upon a motion to dismiss an appeal in chancery of a case heard at the September Term, 1896, in Orleans County.

The Orleans County Court adjourned on the 17th day of September. The cause was heard and a final decree entered by the Chancellor prior to the adjournment. Five days afterwards the defendant filed his motion for an appeal.

Section 981, V. S., provides that "a party may by a written motion filed at the term in which a final decree is made, appeal therefrom." The orator insists that the appeal was not taken at the term.

Section 915, V. S., provides that "For all purposes except the final hearing of a cause such court shall be always open for business."

We hold that one of the purposes for which the court is always open, at least until the enrollment of the decree, is the filing of a motion for an appeal and that in this case the appeal was regularly taken.

Whether one can be taken after a decree is recorded we need not consider, for in this case it was taken within twenty days from the time the final decree was made, and the decree could not be recorded until after the expiration of that time. This holding is in accord with the uniform practice which has long been followed in this State.

*Motion to dismiss the appeal overruled, and cause continued.*